## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

STEVE ROLAND GOGO ROOT,
*aka* Steve Roland Root
DOB: 10/17/1974

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0507-14**
GPD Report No. 14-27069

CRIMINAL CASE NO. **CF0109-16**
GPD Report No. 16-04780

**DECISION & ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION AND
IMPOSE JAIL SENTENCE**

This matter came before the Honorable Alberto E. Tolentino on April 23, 2026, for a Revocation Hearing. Defendant Steve Roland Gogo Root ("Defendant") was present with counsel Alternate Public Defender Ana Maria Gayle. Assistant Attorney General Vernon Hosannah was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence that was filed on April 17, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

## A. Defendant Root's Violations in CF0507-14

Based on events that occurred on or about September 27, 2014, the Defendant was charged with committing the following offenses: (1) BURGLARY (As a Second Degree Felony); (2) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony); (3) THEFT (As a Misdemeanor); and (4) ELUDING A POLICE OFFICER (As a Misdemeanor). *See* Indictment (Oct. 3, 2014).

While on pre-trial release in CF0507-14, the Defendant received a total of two (2) violations; both for failing to "refrain from ingesting/consuming illegal controlled substances." 1st Violation Report (Sep. 30, 2015); 2nd Violation Report (Nov. 6, 2015). For both violations, the Defendant challenged the presumptive positive results for methamphetamines, which again came back positive after being sent for off-island confirmation. *Id.*

On November 12, 2015, the court accepted the Defendant's guilty plea to POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony), THEFT (As a Misdemeanor) and ELUDING A POLICE OFFICER (As a Misdemeanor). *See* Judgment (Nov. 18, 2015). Upon acceptance of the Defendant's guilty plea, the court placed the Defendant under Probation Services Division's ("Probation") supervision for five (5) years to complete his probationary conditions. *See* Plea Agreement (Nov. 18, 2015). During his time under Probation's supervision, the Defendant received a total of fourteen (14) violations of the following conditions:

> Defendant shall pay a fine in the amount of five thousand dollars ($5,000), plus court costs, to be paid to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA § §67.401.12 and 80.31.1, and shall be paid monthly over the probation period.[1]

---

[1] *See* 14th Violation Report (Apr. 30, 2025).

Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the Guam Behavioral Health and Wellness Center at no cost to the Defendant.[2]

Defendant shall report to the Probation Office three times per week or as ordered by the Court, and at those times will take a drug test if requested. Failure to take the drug tests, if requested, will be considered a violation of probation.[3]

Defendant shall perform one hundred fifty (150) hours of community service work under the direction of the Alternative Sentencing Office.[4]

Defendant shall not possess or consume any illegal controlled substances.[5]

Defendant shall obey all the laws of Guam.[6]

Plea Agreement at 5–7 (Nov. 18, 2015).

## B. Defendant Root's Violations in CF0109-16

Based on events that occurred on or about February 18, 2016, the Defendant was charged with committing the following offenses: (1) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony), *2 Counts*; and (2) POSSESSION OF A SCHEDULE I CONTROLLED SUBSTANCE (As a Violation). *See* Indictment (Feb. 29, 2016).

\\

\\

\\

---

[2] *See* 4th Violation Report (June 24, 2016); *see also* 5th Violation Report (Feb. 10, 2017); *see also* 9th Violation Report (Feb. 8, 2018); *see also* 11th Violation Report (Oct. 22, 2018); *see also* 12th Violation Report (Jan. 29, 2025); *see also* 14th Violation Report (Apr. 30, 2025).

[3] *See* 3rd Violation Report (Mar. 24, 2016); *see also* 4th Violation Report (June 24, 2016); *see also* 7th Violation Report (Mar. 21, 2017); *see also* Amended 10th Violation Report (May 21, 2018); *see also* 11th Violation Report (Oct. 22, 2018); *see also* 13th Violation Report (Mar. 14, 2025); *see also* 14th Violation Report (Apr. 30, 2025).

[4] *See* 14th Violation Report (Apr. 30, 2025).

[5] *See* Violation Report (Feb. 11. 2016); *see also* 3rd Violation Report (Mar. 24, 2016); *see also* 5th Violation Report (Feb. 10, 2017); *see also* 6th Violation Report (Feb. 16, 2017); *see also* 7th Violation Report (Mar. 21, 2017); *see also* 8th Violation Report (May 11, 2017); *see also* 10th Violation Report (May 18, 2018); *see also* Amended 10th Violation Report (May 21, 2018); *see also* 12th Violation Report (Jan. 29, 2025).

[6] *See* 2nd Violation Report (Feb. 23, 2016).

After his arraignment, the Defendant received a total of six (6) violations for violating the following condition of his pre-trial release:

> **9. ALCOHOLD/DRUGS:** Defendant shall not possess, use, and/or consume any alcoholic beverages and/or illegal controlled substances. Defendant shall submit to random/weekly drug testing at the request of the Probation Office. Failure to submit to testing will be considered a violation. Probation or the Police authorized to search Defendant's residence, vehicle, or person for alcoholic beverages and/or illegal controlled substances. Defendant shall not enter any alcohol establishment.[7]

Order (Feb. 22, 2016). On May 23, 2017, the court accepted the Defendant's guilty plea to all charges. *See* Judgment (May 31, 2017). Aside from the imposition of a one-thousand-dollar fine, the court did not impose additional conditions. Plea Agreement (May 31, 2017). Instead, the court ordered that "[t]he conditions of release and probation currently imposed upon defendant in connection with CF-0507-14 shall remain in place." *Id.*

During his time under Probation's supervision in his 2016 case, the Defendant received a total of three (3) violations of the following conditions:

> Defendant shall be fined one thousand dollars ($1,000) consecutive to any fine balance already outstanding in CF-0507-14.[8]

> Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the Guam Behavioral Health and Wellness Center at no cost to the Defendant.[9]

> Defendant shall report to the Probation Office three times per week or as ordered by the Court, and at those times will take a drug test if requested. Failure to take the drug tests, if requested, will be considered a violation of probation.[10]

> Defendant shall perform one hundred fifty (150) hours of community service work under the direction of the Alternative Sentencing Office.[11]

\\

---

[7] *See* 2nd Violation Report (May 5, 2016); *see also* 3rd Violation Report (June 23, 2016); *see also* 4th Violation Report (Feb. 17, 2017); *see also* 5th Violation Report (Mar. 31, 2017); *see also* 6th Violation Report (May 11, 2017).
[8] *See* 14th Violation Report (Apr. 30, 2025).
[9] *See* 12th Violation Report (Jan. 29, 2025); *see also* 14th Violation Report (Apr. 30, 2025).
[10] *See* 13th Violation Report (Mar. 14, 2025); *see also* 14th Violation Report (Apr. 30, 2025).
[11] *See* 14th Violation Report (Apr. 30, 2025).

Defendant shall not possess or consume any illegal controlled substances.[12]

Plea Agreement at 5–6 (Nov. 18, 2015). Prior to the Defendant's fourteenth violation, the People filed its Motion to Revoke the Defendant's Probation and Impose Jail Sentence ("Motion to Revoke"). Shortly after the Defendant's last warrant was returned approximately seven (7) months later, the Public Defender Service Corporation ("PDSC") was appointed as counsel for the Defendant. Although PDSC filed a Response to the Motion to Revoke, the court granted its Motion to Withdraw due to a conflict of interest. The Alternate Public Defender was subsequently appointed as the Defendant's counsel.

The Defendant then filed his Opposition to the Motion to Revoke, and the court scheduled a Revocation Hearing for both of the Defendant's cases. At the Revocation Hearing, the court heard testimony from Probation regarding his history under their supervision for both matters. After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that a defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting

---

[12] *See* 12th Violation Report (Jan. 29, 2025).

*Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

**A. Defendant Root violated the conditions of his probation.**

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)). During Probation's supervision of the Defendant in CF0507-14, he accumulated two (2) violations on pre-trial release and fourteen (14) after the court entered his guilty plea. For CF0109-16, the Defendant received six (6) violations on pre-trial release and three (3) after the court entered his guilty plea.

The court can factually determine that all these violations actually occurred after reviewing the court's record of events. For instance, his several failures to report to Probation or appear at a court-ordered hearing are supported by four (4) bench warrants issued for both cases.[13] Notably, the longest period between a court-issued bench warrant and the return of warrant was approximately five (5) years and five (5) months. *See* Bench Warrant (Oct. 26, 2018); *see also* Return of Warrant (Mar. 29, 2024). The court can factually determine that the Defendant failed to

---

[13] *See* Bench Warrant (Apr. 3, 2017); *see also* Return of Warrant (May 10, 2017); *see also* Bench Warrant (May 18, 2018); *see also* Return of Warrant (May 21, 2018); *see also* Bench Warrant (Oct. 26, 2018); *see also* Return of Warrant (Mar. 29, 2024); *see also* Bench Warrant (May 7, 2025); *see also* Return of Warrant (Dec. 4, 2025).

refrain from ingesting or consuming illegal controlled substances based on his admissions through declarations, admissions without further testing, or off-island confirmation after challenging his test results.[14]

As seen in the court's review of his violations above, the Defendant himself either justified his violations in open court or admitted to them through his written declaration. Based on the violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

**B. Defendant Root's violations warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant

---

[14] For CF0507-14: *See* Violation Report (Feb. 11. 2016); *see also* 3rd Violation Report (Mar. 24, 2016); *see also* 5th Violation Report (Feb. 10, 2017); *see also* 6th Violation Report (Feb. 16, 2017); *see also* 7th Violation Report (Mar. 21, 2017); *see also* 8th Violation Report (May 11, 2017); *see also* 10th Violation Report (May 18, 2018); *see also* Amended 10th Violation Report (May 21, 2018); *see also* 12th Violation Report (Jan. 29, 2025). For CF0109-16: *See* 12th Violation Report (Jan. 29, 2025).

revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.*

Unlike the probationer in *Camacho*, the Defendant's pending conditions include treatment with Guam Behavioral Health and Wellness Center, fines and court costs, and community service hours. During the Revocation Hearing, the People argued that revocation is appropriate in both cases after ten (10) years of the Defendant's noncompliance with conditions in both his cases. *See* Revocation Hr'g Mins. at 2:21:04 – 22:42PM (Apr. 23, 2026).

Despite the length of both cases in this court, the Defendant noted that he picked up no new cases between 2016 and 2026. *See* Revocation Hr'g Mins. at 2:22:43 – 30:36PM (Apr. 23, 2026). After being in jail for five (5) months, his longest amount of time in jail, the Defendant seeks one last chance to participate in outpatient treatment with Lighthouse Recovery Center (LRC), which he has already signed up to be assessed for. *Id.*

The substantial requirement imposed as a condition in *this* case was the Defendant's completion of treatment. When imposing treatment as a probationary condition, the purpose of doing so is to achieve sustained sobriety for a defendant. In this case, the court gave the Defendant multiple opportunities to complete treatment before considering revocation, such as releasing the Defendant from confinement. For example, the court released the Defendant from confinement after absconding from the court's supervision between 2018 and 2024. Rather than engage in treatment services, the Defendant received three (3) more violations and another bench warrant for his arrest, which was returned seven (7) months later.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). Here, the Defendant argues that sending him back to the Department of Corrections ("DOC") would not best satisfy the ends of justice at this time. Rather than revoke his probation, the Defendant seeks at least five (5) months to participate *and* graduate from a treatment program. *See* Revocation Hr'g Mins. at 2:22:43 – 30:36PM.

While the Defendant desires to complete treatment outside of DOC with the help of his family, the Defendant's pattern of release followed by a warrant concerns the court of his ability to complete treatment after being ordered to do so for the past ten years. In Guam, DOC provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that it is in the best interests of the public and will best satisfy the ends of justice for DOC to assist the Defendant on his path to recovery through the RSAT program.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

\\

\\

# CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence, and **REVOKES** the Defendant's probation in the above-captioned matters. The court shall issue its Judgment revoking the Defendant's probation and imposing a sentence.

SO ORDERED, **JUL 23 2026** .



---
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
· acknowledge that an electronic Copy of the original was e mailed to

_AGS   AD_

JUL 2 3 2026
Date_____ Time. _11:35_
Evan L. Topasna

Deputy clerk . Superior Court of Guam